UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL HAYNIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANNAMARIE ESQUERRA, CRYSTAL ALCALA, R. MEIJA, and C. SYSOUVANH,<br><br>　　　　　Defendants. | Case No.  1:20-cv-01663-HBK<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. No. 5)<br><br>ORDER DIRECTING CLERK TO PROVIDE COPY OF ORDER AND PLAINTIFF'S FIRST AMENDED COMPLAINT TO WARDENS AT CORCORAN AND MULE STATE PRISONS |

　　　　Plaintiff, Donell Haynie, is a current state prisoner proceeding *pro se* and *in forma pauperis* on his Amended Complaint filed under 42 U.S.C. § 1983.  (Doc. Nos. 3, 4).  Pending before the Court is Plaintiff's pleading labeled "Motion to Dismiss Two Defendants" filed November 8, 2021.  (Doc. No. 5).  Plaintiff requests defendants Annamarie Esquerra and Crystal Alcala "be immediately dismissed form this 1983 federal lawsuit." (*Id*. at 1).  Plaintiff states that only Defendants C. Sysouvanh and R. Meija are to remain as defendants.  (*Id*. at 2).

　　　　Plaintiff's Amended Complaint alleges:  (1)  Eighth Amendment claims of sexual abuse and harassment against defendant A. Esquerra stemming from events that allegedly occurred in 2018 at Corcoran State Prison; (2) Eighth Amendment claims of sexual abuse and harassment

against defendant C. Alcala stemming from events that allegedly occurred in 2018 presumably also at Corcoran State Prison; (3) Eighth Amendment claims of sexual abuse and harassment and First Amendment claims of retaliation against defendant C. Sysouvanh stemming from events that allegedly occurred in 2019 at Mule Creek State Prison; and (4) First Amendment claims of retaliation and Eighth Amendment claims of excessive use of force against defendant Mejia stemming from events that allegedly occurred in 2020 at an unknown institution. (Doc. No. 3 at 3-9). The Court notes that Plaintiff was incarcerated at California Correctional Institute, Tehachapi, CA, at the time he filed his First Amended Complaint.

A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).

Nonetheless because the Court has not conducted a screening on the Amended Complaint as required under 29 U.S.C. § 1915A, the Court the Court will construe the pleading as a motion to amend and afford Plaintiff the opportunity to file a second amended complaint to include only those defendants and <u>related</u> claims he wishes to prosecute in this action. Fed. R. Civ. P. 15. In filing his second amended complaint, Plaintiff should be aware the Rules permit a complaint to include only *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). The Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

Considering the nature of the sexual allegations in the Amended Complaint,[1] the Court

---

[1] The Prison Rape Elimination Act of 2003 (PREA) directs the U.S. Attorney General to promulgate national standards for the detection, prevention, education, and punishment of prison rape, by staff as well as by other prisoners. 42 U.S.C. § 15607.

will direct the Clerk of Court to provide a copy of this Order and Plaintiff's Amended Complaint to the Warden at Corcoran State Prison and Mule State Prison for investigation, if any, as they deem appropriate.

Accordingly, it is ORDERED:

1. Plaintiff's motion to dismiss (Doc. No. 5) construed as a motion to file a second amended complaint is GRANTED.

2. Plaintiff shall deliver his second amended complaint to correctional officials for mailing no later September 28, 2022.

3. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use.

4. The Clerk of Court shall deliver a copy of this Order and a copy of Plaintiff's Amended Complaint (Doc. No. 3) to the Wardens at Corcoran State Prison and Mule State Prison for investigation, if any, as they deem appropriate. This Order is not a ruling on the allegations or relief requested in pleading or the merits of allegations in this case but is provided for informational purposes only. No response is required from officials to the Order.

Dated: August 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE