UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL HAYNIE,<br><br>    Plaintiff,<br><br>    v.<br><br>CASSANDRA SYSOUVANH,<br><br>    Defendant. | Case No.  1:20-cv-01663-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. No. 10) |

Plaintiff Donell Haynie ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended complaint filed on September 1, 2022 (Doc. No. 9, SAC) is due for screening under 28 U.S.C. § 1915A.  Pending before the Court is Plaintiff's motion requesting the Court take judicial notice of the decision from California Department of Corrections and Rehabilitation related to his appeal of his grievance for this instant action.  (Doc. No. 10).  Plaintiff included a copy of CDCR's decision response, his request to implement remedies, and a one-page written memorandum from CDCR.  (*Id*. at 4-6).

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff does not state the significance of the documents or for what reason the Court should take judicial notice of these documents. Further, the documents contain allegations that are not the types of adjudicative facts that are typically judicially noticeable. Further, to the extent he seeks to demonstrate that he has exhausted his administrative remedies, a prisoner is not required to affirmatively plead exhaustion.

Accordingly, it is **ORDERED**:

Plaintiff's motion for judicial notice (Doc. No. 10) is DENIED.

Dated:   December 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE