UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL HAYNIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANNAMARIE ESQUERRA,<br><br>et al.,　　　Defendant. | Case No. 1:20-cv-01663-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TO CHANGE VENUE<br><br>(Doc. No. 11)<br><br>ORDER TRANSFERRING CASE TO SACRAMENTO DIVISION |

    Plaintiff, a prisoner, is proceeding pro se and *in forma pauperis* on his Second Amended Complaint filed on September 1, 2022. (Doc. No. 9). Pending before the Court is Plaintiff's motion to change venue filed December 9, 2022. (Doc. No. 11). Plaintiff requests the Court transfer this action to the Sacramento Division of this Court because the events complained of in Second Amended Complaint took place in Amador County, the Defendant resides in Stockton, and all witnesses are in Ione, California. (*Id*. at 1-2).

    Title 28 U.S.C. § 1391(b) provides venue is appropriate where any defendant resides, where a substantial part of the events or omissions giving raise to the claim occurred, or any district in which a defendant is subject to the personal jurisdiction of the court with respect to the action. *Id.*; *see also Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995) (reviewing federal court jurisdiction and venue in a § 1983 action). While Plaintiff's initial complaint and first amended complaint ("FAC") alleged a substantial part of the events that gave rise to his

claims occurred at California State Prison – Corcoran, a substantial part of the events that gave rise to his Second Amended Complaint, the operative complaint, occurred at Mule Creek State Prison. (*See* Doc. Nos. 1, 3, 9).  Because the events giving rise to the cause of action occurred at Mule Creek state Prison, which is located in Amador County, this action should be transferred to the Sacramento Division of this Court.  *See* 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995) (reviewing federal court jurisdiction and venue in a § 1983 action).  Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court may, on the motion of any party, be transferred to the correct court.  The Court finds it in the interests of justice to transfer this case to the Sacramento Division under 28 U.S.C. § 1406(a) and Local Rule 120(f).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for change of venue (Doc. No. 11) is GRANTED to the extent the Clerk of Court is directed to transfer this action to the Sacramento Division of this Court.

2. All future filings shall refer to the new Sacramento case number assigned and shall be mailed for filing to:

> United States District Court
> Eastern District of California
> 501 "I" Street, Suite 4-200
> Sacramento, CA 95814

Dated:    December 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE